IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAHEE ABDULLAH RASHEED,

      Plaintiff,                      No. CIV S-10-0013 DAD P

   vs.

DEPARTMENT OF JUSTICE, et al.,

      Defendants.             ORDER

/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. §§ 3769a(b) and 3769b(a)(1)[1], and California Penal Code § 1170.12[2]. Plaintiff has not paid the filing fee of $350.00 or submitted an application requesting leave to proceed in forma pauperis. However, a review of the court's own records reveals that on numerous occasions prior to the filing of this action, plaintiff filed lawsuits that were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be

---

[1] 42 U.S.C. §§ 3769a(b) and 3769b(a)(1) are provisions "requiring state governments to develop a 'plan for . . . improving conditions of confinement' as a precondition to receiving federal funds to 'reliev[e] overcrowding [and] substandard conditions'." McCarthy v. Bronson, 500 U.S. 136, 142 n. 3(1991).

[2] California Penal Code § 1170.12 is part of California's "Three Strikes Law," which provides enhanced sentences for defendants who have previously been convicted of certain felony offenses.

1

1  granted.[3]  A prisoner may not bring a civil action or appeal a civil judgment under the in forma

2  pauperis statute

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In Rasheed v. Harrington, Case No. 1:09-1490 -AWI-DLB PC, a case plaintiff filed in the Fresno Division of this court, the assigned District Judge found that plaintiff had previously filed three or more actions that had been dismissed as frivolous, malicious or as failing to state a claim.  See Rasheed v. Harrington, Case No. 1:09-1490 -AWI-DLB PC, Doc. No. 3 at 1 n.1.  Pursuant to 28 U.S.C. § 1915(g), the District Judge ruled that plaintiff was ineligible to proceed in forma pauperis in that action.  Id. at 2.  Adopting that prior determination in this case, the court finds that plaintiff may not proceed in forma pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In his complaint filed in this action, plaintiff makes several allegations including that he is being denied access to the Court, that he is being stripped of his citizenship, that he is being retained "under a false arrest and illegal detention," that he is being denied access to his trust account, and that his placement in a maximum security institution violates his constitutional rights.  Plaintiff also makes alleges that he has been denied "medical care and treatment" and that he is being used as an "experimental project to advance medicine." (Compl. at 4.)  Plaintiff names the following persons as defendants:  "THE ATTORNEY GENERAL, CONGRESSMEN, J. WALKER WARDEN, A STATE JUDGE, AN APPELLATE ADVOCATE, TWO ATTORNY(IES) (sic) and a host of others their names and identification has not been

---

[3] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

ascertained . . . ." (Id. at 3.)  In his prayer for relief, plaintiff seeks restoration of his rights of citizenship, his immediate release, an order to correct his abstract of judgment, and order requiring defendants to "discontinue the discriminatory practices" and an order for "immediate medical care and treatment necessary for plaintiff safety and health." (Id. at 5.)  Although plaintiff vaguely alleges in his complaint that he has received inadequate medical treatment, plaintiff has failed to make the required showing that he is under imminent danger of serious physical injury.  Therefore, the court will order plaintiff to pay the $350.00 filing fee.  Failure to pay the fee in full will result in the dismissal of this action without prejudice.

On January 14, 2010, plaintiff filed a motion for injunctive relief.  Therein, plaintiff seeks an order compelling the "department of justice to justify plaintiff placement and confinement[,]" and an order compelling defendants to correct his abstract of judgment and to provide him access to his trust account funds.  There are no allegations in the motion that plaintiff is under imminent danger of serious physical injury.  In addition, the court finds that the motion is defective.  First, plaintiff has not submitted an affidavit supporting the claimed irreparable injury.  See Local Rule 231.  Second, this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  Finally, plaintiff has not shown that "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  Therefore, plaintiff's motion for injunctive relief will be denied without prejudice as defective.  However, no further motions for injunctive relief will be considered by the court until plaintiff has submitted the required filing fee in connection with this action.

/////

/////

1               Accordingly, IT IS HEREBY ORDERED that:

2               1. Pursuant to 28 U.S.C. § 1915(g), plaintiff is found ineligible to proceed in forma pauperis in this action;

3               2. Within thirty days from the service of this order, plaintiff shall pay the $350.00 filing fee. Failure to pay the filing fee will result in the dismissal of this action without prejudice;

4               3. Plaintiff's January 14, 2010 motion for injunctive relief (Doc. No. 3) is denied without prejudice as defective; and

5               4. The court will not consider any further motions or requests filed by plaintiff, including a motion for injunctive relief, until plaintiff has submitted the required $350.00 filing fee in connection with this action.

DATED: May 24, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rash0013.1915g

4